PER CURIAM.
h Denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. We attach hereto and make a.part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated eight applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
*1156 | .ATTACHMENT
[[Image here]]
ORDER
Considering that:
Defendant, Charles H.'Parker, was convicted of the second degree murder of his brother Donald Parker on February 22,1934 In the Fifth Judicial District Court, Franklin Parish. He is now serving a life sentence. The Second Circuit Court of Appeal affirmed the conviction on September 27; 1995. The Louisiana Supreme Court denied writs on February 16,199S.
Defendant, Charles H. Parker, .has filed an Application for Post-Conviction Relief along with attachments and a memorandum In support. The State has filed a Procedural Objection to Defendant's Application for P.ost-Convlctlon Relief and a memorandum In support; pointing out that this Is at least his eighth such filing.
In his Application for Post-Conviction Relief, Charles H. Parker, alleges primarily the Ineffective assistance of counsel as it pertains to the plea process. In its response the State fakes the position that the allegations and claims made by Charles H. Parker do not set forth any groands.upon which relief can be granted, and they also take the position that the allegations and claims are repetitive and untimely and thus are procedurally barrad, La. C. Cr.
P, Article 930 provides that this Court should rule on all procedural objections prior to addressing the merits of the application.
In December, 1998, the Defendant filed'his first Application for Post-Conviction Relief. He raised the Issue of Ineffective assistance of counsel as It pertains to the alleged failure to *1157 disclose a plea agreement.' The trial judge denied the claim. The Second' Circuit Court of Appeal affirmed the trial court’s ruling as to this tlainvfindlng It untimely, (but ordering a hearing on ' another claim). The Louisiana Supreme Court denied writs.
*1156 [[Image here]]
*1157 _k
In August, 2002, the Defendant filed his second Application for Post-Conviction Relief, again alleging ineffective assistance of counsel. This was dismissed by the trial court, and writs were denied by the Second'Circuit Court of Appeal and the Louisiana Supreme Court.
In November, 2004, the Defendant filed'his third Application for Post-Conviction Relief, alleging.Ineffective assistance of counsel. The undersigned handled this application and ordered It dismissed as untimely. The Second Circuit Court of Appeal denied writs, stating that: the defendant-had known about the claim relating to plea negotiations since at least 1997, and he had shown no exception to the time limitations for filing. The Louisiana Supreme Court denied .Writs, finding the petition repetitive and untimely,
lh October, 2007, the Defendant filed his fourth Application for Post-Conviction Relief, alleging Ineffective assistance of counsel. The undersigned dismissed this application on the basis that the issue raised was repetitive and untimely. The Second Circuit Court of Appeal again denied vyrits holding that the defendant had had the Information necessary to raise the claim regarding the plea negotiations since 2997.
In Jund, 2008, the Defendant filed his fifth Application for Post-Conviction Relief alleging Improper Batson challenges and Ineffective assistance of counsel. Judge John, Harrison denied the application as being untimely and repetitive. The Second Circuit Court of Appeal denied writs and the Louisiana Supreme Court denied writs.
Ip January, 2011, the Defendant filed his sixth Application for Post-Conviction Relief alleging Ineffective assistance of counsel as it pertains to plea negotiations and alleging there was a conspiracy to keep black Individuáis from serving on the grand Jury in Franklin Parish. Judge Harrison denied this application. The Second Circuit Court of Appeal and the Louisiana Supreme Court denied writs.
[[Image here]]
*1158 J&
In November, 2012, the Defendant filed his seventh Application for Post-Convlctlon Relief, once again claiming ineffective, assistance of counsel as It pertains to the pléa process. The undersigned ruled that the claims were indeed repetitive and untimely, and accordingly dismissed the application. On May 9,2013, the Second Circuit Court of Appeal denied writs.
Now the eighth Application for Post-Convlctlon Relief Is pending, which also alleges Ineffective assistance of counsel ns It pertains to the plea process. The record Is dear that the Defendant's Ineffective assistance of counsel claim has been repeatedly rejected, once by Judge Glen Strong on October 13,1999 in a written opinion after the consideration of evidence, which decision* was affirmed,by the Second Circuit Coprt of Appeal, and on numerous other occasions • the claim has been rejected a's being repetitive and untimely. The Second Circuit Court of Appeal .lias specifically held that the Defendant had the information necessary to raise the claim regarding Ineffective assistance of counsel as it relates to the plea negotiations since 1997, If iv was untimely In those decisions, It is certainly untimely now.
Defendant attempts to avoid the time limitation problem and cites two cases. However the Second Circuit Court of Appeal, ini State v. Bradley, has previously rejected the Identical argument, so this cannot be used as an exception to the time limitation. The two cases and the arguments made by the Defendant do not change the procedural requirement that claims for relief must be filed within the appropriate prescription period, nor do they state a. new rule of law, Therefore this Court must deny this Application for Post-Convlctlon Relief as being repetitive and untimely.
Defendant also claims his counsel was Ineffective relating to his failure to secure the testimony of Agent Dlfonso. Tills Court finds that this matter has been addressed In previous petitions and Is likewise untimely, repetitive, and without merit
Befendant also claims that his attorney had a conflict due to his representation In the criminal case as well as In the dispute with the Insurance company. Defendant has been aware oF this since he retained his attorney, and the issue has previously been before the Court, This claim Is likewise untimely, repetitive, and without merit.
[[Image here]]
*1159 _k
this Court believes that the State's procedural objection has merit that the proceedings can be decided on the basis of the record without the need for an evidentiary hearing; that the claims afe‘ indeed repetitive and untimely, and accordingly should be dismissed.
IT IS THEREFORE:.
ORDERED that the Application for Post-Conviction Relief be and the same Is hereby dismissed.
FURTHER ORDERED that a certified copy oF this Order be sent to the Defendant, Charles H. Parker to the Office of the District Attorney, and to the Custodian of the Defendant,
THUS DONE AND SIGNED In Rayville, Louisiana, on this the day of March, 2015. •
[[Image here]]
[[Image here]]